Note:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

06-5020

GEORGE H. AHRENS, DAVID P. ALLAIRE, RONALD L. ANDERSON, ROBERT M. BELCHER, STEPHEN T. BLAI, MARK S. BONDS, THOMAS L. BREEZE, HOWARD A. BRUNSON, RICHARD W. BURKE, JR., ROY A. CAMPBELL, BRADLEY G. CLARK, KEVIN E. CLARK, DENNIS J. CRISMAN, DENNIS C. CRUMP, ROBERT E. DANIS, STEVEN T. DELGRACIA, ROBERT P. DEMERS, ANDREW DIGILIO, BLAIR THOMAS DOIRON, MATHEW J. DONDERO, JOHN PAUL DOUGHERTY, PAUL G. DUREAU, ALLAN RAY ERICKSON, NORMAND R. FECTEAU, KENNETH FREDRICK FIANDACA, RAYMOND P. GAUTHIER, LOUIS ROBERT GEORGE, JR., MARK T. HAFFORD, JOSEPH M. HENNESSY, JOSEPH LEE HILL, STEPHEN E. JANAS, WILLIAM J. JONES , DAVID J. KATHIOS, PHILIP ARSENE LIZOTTE, WAYNE MAURICE MCFADDEN, MICHAEL ARTHUR MCINNIS, GARY REGINALD MCINTIRE, DAVID BRUCE MENEELY, STEPHEN JON MISEK, FRED C. MORIN, TERRENCE ROBERT MORRILL, GARY M. MOSHER, STEPHEN GEORGE PERHAM, KEVIN JOHN PISANI, JOHN TURMAN POND, JR., WARREN ARTHUR ROBERTS, CLAIR E. RUKSZNIS, JR., ROBERT J. SAUCIER, RICHARD JOHN SOUTHWICK, BRADFORD G. SWEENEY, WAYNE D. TIBBETTS, NICHOLAS GEORGE VALHOS, ROBERT KENNETH WOLFE, STEPHEN T. BLAI, THOMAS L. BREEZE, HOWARD ALLEN BRUNSON, STEVEN T. DEGRACIA, JR., ELI WILLIAM DUFAULT, THERESA C. FLORES, MICHAEL OWEN FRENCH, WALTER HAMRE, CRAIG LEROY HATFIELD, SCOTT W. HINISH, RICHARD LEROY HUFF, TIMOTHY R. JOHNSON, MARK ALLEN LANKFORD, DAN THOMAS LATIOK, GERGORY KENT LAW, JAMES EDWARD LEE, DAVID A. LUST, ARTHUR H. MCKENZIE, SCOTT ALAN MINSHULL, DON L. NIELSON, LEONARD ALBERT OLSEN, RAYMOND RAZO, STEPHEN M. ROURKE, GERARD CHARLES SUETTERLEIN, HELEN MARY WAGGONER, LINDA NADINE WATERBURY, SCOTT JEFFREY WEEDEN, RONALD L. ZIMMERMAN, BILLY LEE PRATHER, ROY ALBERT CAMPBELL, DENNIS C. CRISMAN, DENNIS C. CRUMP, MICHAEL LOUIS LATHROP, LARRY LAWMAN, and AGAPITO R. SISON,

Plaintiffs,

and

NORWOOD L. BAKEMAN, ROBERT L. BARTON, JAMES A. DONALDSON, STEVEN W. FOSSUM, MARK J. GRIGAL, STEVEN L. HINDS, FRANK A. MCBAIN, ROY L. MCMILLIAN, JAMES N. NEYHART, DONALD C. OLSON, MICHAEL W. O'PARKA, EDWARD L. SLIVKA, JAMES E. TUCKER, and DANIEL R. VERLEY,

Plaintiffs-Appellants,

v.

UNITED STATES,

Defendant-Appellee.

B. Craig Deats, Deats, Durst, Owen & Levy, PLLC, of Austin, Texas, argued for plaintiffs-appellants.

Marla T. Conneely, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for defendant-appellee.  With her on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Franklin E. White, Jr., Assistant Director.


Appealed from:  United States Court of Federal Claims

Chief Judge Edward J. Damich

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

06-5020

GEORGE H. AHRENS, DAVID P. ALLAIRE, RONALD L. ANDERSON, ROBERT M. BELCHER, STEPHEN T. BLAI, MARK S. BONDS, THOMAS L. BREEZE, HOWARD A. BRUNSON, RICHARD W. BURKE, JR., ROY A. CAMPBELL, BRADLEY G. CLARK, KEVIN E. CLARK, DENNIS J. CRISMAN, DENNIS C. CRUMP, ROBERT E. DANIS, STEVEN T. DELGRACIA, ROBERT P. DEMERS, ANDREW DIGILIO, BLAIR THOMAS DOIRON, MATHEW J. DONDERO, JOHN PAUL DOUGHERTY, PAUL G. DUREAU, ALLAN RAY ERICKSON, NORMAND R. FECTEAU, KENNETH FREDRICK FIANDACA, RAYMOND P. GAUTHIER, LOUIS ROBERT GEORGE, JR., MARK T. HAFFORD, JOSEPH M. HENNESSY, JOSEPH LEE HILL, STEPHEN E. JANAS, WILLIAM J. JONES, DAVID J. KATHIOS, PHILIP ARSENE LIZOTTE, WAYNE MAURICE MCFADDEN, MICHAEL ARTHUR MCINNIS, GARY REGINALD MCINTIRE, DAVID BRUCE MENEELY, STEPHEN JON MISEK, FRED C. MORIN,TERRENCE ROBERT MORRILL, GARY M. MOSHER, STEPHEN GEORGE PERHAM, KEVIN JOHN PISANI, JOHN TURMAN POND, JR., WARREN ARTHUR ROBERTS, CLAIR E. RUKSZNIS, JR., ROBERT J. SAUCIER, RICHARD JOHN SOUTHWICK, BRADFORD G. SWEENEY, WAYNE D. TIBBETTS, NICHOLAS GEORGE VALHOS, ROBERT KENNETH WOLFE, STEPHEN T. BLAI, THOMAS L. BREEZE, HOWARD ALLEN BRUNSON, STEVEN T. DEGRACIA, JR., ELI WILLIAM DUFAULT, THERESA C. FLORES, MICHAEL OWEN FRENCH, WALTER HAMRE, CRAIG LEROY HATFIELD, SCOTT W. HINISH, RICHARD LEROY HUFF, TIMOTHY R. JOHNSON, MARK ALLEN LANKFORD, DAN THOMAS LATIOK, GERGORY KENT LAW, JAMES EDWARD LEE, DAVID A. LUST, ARTHUR H. MCKENZIE, SCOTT ALAN MINSHULL, DON L. NIELSON, LEONARD ALBERT OLSEN, RAYMOND RAZO, STEPHEN M.ROURKE, GERARD CHARLES SUETTERLIEN, HELEN MARY WAGGONER, LINDA NADINE WATERBURY, SCOTT JEFFREY WEEDEN, RONALD L. ZIMMERMAN, BILLY LEE PRATHER, ROY ALBERT CAMPBELL, DENNIS C. CRISMAN, DENNIS C. CRUMP, MICHAEL LOUIS LATHROP, LARRY LAWMAN, and AGAPITO R. SISON,

Plaintiffs,

and

NORWOOD L. BAKEMAN, ROBERT L. BARTON, JAMES A. DONALDSON, STEVEN
W. FOSSUM, MARK J. GRIGAL, STEVEN L. HINDS, FRANK A. MCBAIN, ROY L.
MCMILLIAN, JAMES N. NEYHART, DONALD C. OLSON, MICHAEL W. O'PARKA,
EDWARD L. SLIVKA, JAMES E. TUCKER, and DANIEL R. VERLEY,

Plaintiffs-Appellants,

v.

UNITED STATES,

Defendant-Appellee.

DECIDED: February 26, 2007

Before MICHEL, <u>Chief Judge</u>, SCHALL and PROST, <u>Circuit Judges</u>.

SCHALL, <u>Circuit Judge</u>.

Norwood L. Bakeman and eleven other federal civilian employees ("appellants")
appeal the final decision of the United States Court of Federal Claims. The Court of
Federal Claims entered summary judgment in favor of the United States, ruling that
appellants' backpay claims were barred by accord and satisfaction. <u>Ahrens v. United
States</u>, 62 Fed. Cl. 664 (2004). We <u>affirm</u>.

DISCUSSION

I.

Prior to July of 1995, a large number of civilian employees at six Naval shipyards,
including the twelve appellants, filed individual employee grievances and two lawsuits.

In December of 1995, the International Federation of Professional and Technical Engineers ("IFPTE") and the government resolved the employees' grievances and lawsuits through a Global Memorandum of Understanding ("1995 MOU"). Relevant to the present appeal, the 1995 MOU specified in paragraph 12 and Attachment D that "the persons who occupy the [GS-12 Technician] positions or who have occupied the positions identified in Attachment D" thereafter would be considered exempt under the Fair Labor Standards Act ("FLSA") for overtime purposes, but would be eligible to participate in an incentive award program, to receive performance awards, and to accumulate compensatory time.[1] Paragraph 13 of the 1995 MOU contained an exception to paragraph 12 for long-term employees ("grandfathered employees"), giving to those employees the option of keeping their FLSA non-exempt status or becoming FLSA exempt in exchange for eligibility for the incentive award program, performance awards, and compensatory time. Paragraph 16 provided for the employees to receive

---

[1] Paragraph 12 provides:

The parties agree that the persons who occupy the positions or who have occupied the positions identified in Attachment D shall be FLSA exempt. In addition, employees who occupy these positions shall be the beneficiaries of the following program, effective March 31, 1996. There shall be an incentive award program for FLSA exempt engineers and GS-12 technicians (excluding nuclear STEs and nuclear SREs who are directly involved in pre-overhaul testing, post-overhaul testing and/or sea trials). For each time the number of overtime hours worked during these activities exceeds a unit of 300 hours within one rating period, the employee shall receive an incentive award of $500. For example, 300 hours = $500; next 300 hours = $500, etc. In addition, FLSA exempt engineers and FLSA exempt GS-12 technicians shall receive a $500 performance award upon the successful completion of the Engineer in Training (EIT) or Professional Engineer (PE) examination. Further, the FLSA exempt engineers and FLSA exempt GS-12 technicians shall be allowed to accumulate up to 160 hours of compensatory time.

backpay and interest through March 1996.  Additionally, paragraph 27 stated that grievances filed after the date of the agreement would not be pursued to arbitration by the IFPTE.[2]  Finally, paragraph 28 provided that each party to the agreement had full authority to enter into the agreement.[3]

In 2000, the IFPTE again addressed the issue of GS-12 Technician FLSA exemption because of indications that the government was classifying a number of new GS-12 Technician employees as FLSA exempt for overtime purposes.  On June 29, 2001, the IFPTE and the government executed a Second Supplemental Agreement ("SSA") to the 1995 MOU, which specified that the government would re-classify all GS-12 Technician positions in the GS-802 and GS-856 job series as FLSA non-exempt by October 7, 2001.

---

[2]     Paragraph 27 reads:

   With regard to the FLSA grievances at the locations identified in paragraph 1 above, the parties agree that, subject to the terms, obligations and conditions set forth in this MOU, those grievances are hereby resolved.  The IFPTE agrees that FLSA grievances regarding matters addressed in this Global MOU that are filed after the date this agreement is signed by both parties' authorized representatives will not be pursued to arbitration by the Union.

[3]     Paragraph 28 states:

   The parties agree that they have full authority to enter this agreement and to make the promises, obligations and considerations contained therein.  The parties further agree that this agreement, including the Attachments and the July 20, 1995 MOU where specified as being incorporated herein, constitutes the full and complete agreement of the parties to resolve the FLSA grievances at the locations identified in paragraph 1.

06-5020                                          4

II.

On February 8, 2002, ninety-five GS-12 Technician employees, including the twelve appellants, filed suit in the Court of Federal Claims under the FLSA for overtime compensation, liquidated damages, and interest from the period after the 1995 MOU was executed until the reclassification of October 7, 2001. Ahrens, 62 Fed. Cl. at 667. Twenty of these ninety-five plaintiffs ("grievant plaintiffs") filed grievances as GS-12 Technician employees prior to 1995; the twelve appellants are included in this group of grievant plaintiffs. Id. at 668. The other seventy-five plaintiffs ("non-grievant plaintiffs") were either not GS-12 Technician employees at the time of the 1995 MOU or had not filed grievances as of the date of the 1995 MOU. Id. The government asserted as an affirmative defense that the claims of all the employees were barred by accord and satisfaction based on the 1995 MOU. Id. at 667. The parties filed cross-motions for summary judgment on the accord and satisfaction issue. Id.

With regard to the non-grievant plaintiffs, the Court of Federal Claims denied the government's summary judgment motion and granted the plaintiffs' summary judgment motion. Id. at 670, 673. The parties then settled the backpay claims of these non-grievant plaintiffs. As to the grievant plaintiffs, including the twelve appellants, the Court of Federal Claims denied the plaintiffs' summary judgment motion and granted the government's summary judgment motion, ruling that these plaintiffs' claims were barred by the government's defense of accord and satisfaction. Id. at 671, 673.

On August 24, 2005, the Court of Federal Claims entered judgment in favor of the non-grievant plaintiffs for whom settlement was reached and for the government with respect to the remaining twenty grievant plaintiffs.

After judgment was entered, the appellants filed a timely notice of appeal. We have jurisdiction over a final decision of the Court of Federal Claims under 28 U.S.C. § 1295(a)(3).

III.

We review the grant of summary judgment by the Court of Federal Claims de novo, drawing all reasonable inferences in favor of the non-moving party. See Teleflex, Inc. v. Ficosa N. Am. Corp., 299 F.3d 1313, 1323 (Fed. Cir. 2002). Summary judgment is only appropriate if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. SRI Int'l v. Matsushita Elec. Corp., 775 F.2d 1107, 1116 (Fed. Cir. 1985) (en banc). We review the interpretation by the Court of Federal Claims of the 1995 MOU de novo. See Coast Fed. Bank, FSB v. United States, 323 F.3d 1035, 1037-38 (Fed. Cir. 2003).

There are no pertinent facts in dispute. The question in the case is whether the Court of Federal Claims correctly held that the requirements for the accord and satisfaction defense were met. "A claim is discharged by the doctrine of accord and satisfaction when 'some performance different from that which was claimed as due is rendered and such substituted performance is accepted by the claimant as full satisfaction of his claim.'" Case, Inc. v. United States, 88 F.3d 1004, 1011 n.7 (Fed. Cir. 1996) (quoting Cmty. Heating & Plumbing Co. v. Kelso, 987 F.2d 1575, 1581 (Fed. Cir. 1993)). A valid accord and satisfaction requires four elements: (1) proper subject matter, (2) competent parties, (3) a meeting of the minds,[4] and (4) consideration.[5]

---

[4] In order to establish the meeting of the minds element, "[t]here must be accompanying expressions sufficient to make the creditor understand, or to make it unreasonable for him not to understand, that the performance is offered to him as full

O'Connor v. United States, 308 F.3d 1233, 1240 (Fed. Cir. 2002).

The parties do not dispute that the first two elements of the accord and satisfaction defense—proper subject matter and competent parties—have been satisfied. Instead, appellants argue that the Court of Federal Claims erred in ruling that their claims were barred by accord and satisfaction because the government did not establish the consideration element and the meeting of the minds element. Specifically, appellants contend that because the government did not perform its obligations under the 1995 MOU, it did not satisfy the consideration element. Appellants urge that the government agreed to treat all GS-12 Technician employees as FLSA exempt from the date of the 1995 MOU forward and that the government violated the terms of the 1995 MOU by classifying some new GS-12 Technician employees as FLSA non-exempt. Additionally, according to appellants, the lack of a stated agreement waiving employees' rights to bring future FLSA overtime suits in the 1995 MOU and the circumstances surrounding the execution of the 1995 MOU demonstrate that the government failed to prove that there was a meeting of the minds.

_____

(Cont'd. . . .)
satisfaction of his claim and not otherwise." Chesapeake & Potomac Tel. Co. of Va. v. United States, 654 F.2d 711, 716 (Ct. Cl. 1981).

[5] Consideration is present only when the "contract is fully performed as agreed." Chesapeake & Potomac Tel. Co. of Va., 654 F.2d at 716 (internal quotation and citation omitted).

In response, the government argues that the Court of Federal Claims correctly ruled that the government established the consideration element and the meeting of the minds element. The government contends that appellants' assertion that the government agreed to provide the consideration of treating all GS-12 Technician employees as FLSA exempt is incorrect based on the plain language of the 1995 MOU, given that the government agreed to provide consideration in the form of an incentive award program, performance awards, and compensatory time and that the government indeed provided such consideration in exchange for the appellants' acceptance of FLSA exempt status. With respect to the meeting of the minds element, the government argues that the 1995 MOU reflected a meeting of the minds because the IFPTE acted upon appellants' behalf to settle their FLSA grievances through the 1995 MOU and also because the explicit language of the 1995 MOU indicates that appellants' positions would be classified as FLSA exempt and thus waives the appellants' FLSA rights.

IV.

We conclude that the Court of Federal Claims correctly ruled that the government established the consideration element and the meeting of the minds element of the accord and satisfaction defense. We thus affirm the Court of Federal Claims' grant of summary judgment in favor of the government based on the finding that appellants' backpay claims were barred by accord and satisfaction.

As to the consideration element, we agree with the government that the plain language of the 1995 MOU, specifically paragraph 12, clearly states that the government agreed to provide as consideration an incentive award program, performance awards, and compensatory time to the appellants, who agreed to be

06-5020                                    8

classified as FLSA exempt.  Appellants do not contend that the government failed to provide consideration in the form of an incentive award program, performance awards, and compensatory time.  We find appellants' argument that the government failed to provide the consideration of treating all GS-12 Technician employees as FLSA exempt unconvincing given that the government never agreed to provide such consideration.  Moreover, paragraph 12 states that "the persons who occupy the positions or who have occupied the positions identified in Attachment D shall by FLSA exempt."  This language clearly indicates that the agreement applies to past and present employees only and not to future employees.  Given that this language does not encompass future employees, the fact that the government incorrectly classified certain new GS-12 Technician employees after the date of the agreement is irrelevant to the 1995 MOU and the consideration element.

Turning to the meeting of the minds element, we agree with the government's contention that because the IFPTE agreed in the 1995 MOU that appellants would thereafter be classified as FLSA exempt, appellants are deemed to have understood that they no longer had rights to sue under the FLSA.  Appellants nevertheless argue that the lack of an explicit agreement regarding employees' rights to bring litigation claims demonstrates a lack of a meeting of the minds.  However, we reject this argument, given that the employees themselves gave IFPTE authority to represent them in the 1995 MOU negotiations, see paragraph 28, and that the IFPTE then agreed to the FLSA exempt classification for these employees, see paragraph 12.  Finally, appellants' argument that the circumstances surrounding the execution of the 1995 MOU indicate that the government failed to prove a meeting of the minds fails because

this evidence regarding the 1995 MOU negotiations contradicts the unambiguous language of the 1995 MOU that appellants would thereafter be classified as FLSA exempt. See Hunt Constr. Group, Inc. v. United States, 281 F.3d 1369, 1373 (Fed. Cir. 2002) ("When the contract language is unambiguous on its face, our inquiry ends, and the plain language of the contract controls."). As a consequence of agreeing to be classified as FLSA exempt, appellants waived any rights to sue under the FLSA.

In sum, we reject the appellants' arguments regarding the consideration element and the meeting of the minds element of the accord and satisfaction defense as contrary to the plain language of the 1995 MOU.

For the foregoing reasons, the decision of the Court of Federal Claims granting summary judgment in favor of the United States is affirmed.